DECISION
{¶ 1} Defendant-appellant, Edward Mayrides, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his application for DNA testing brought pursuant to R.C. 2953.71 et seq.
 {¶ 2} A jury convicted appellant in 1985 of three counts of rape and two counts of kidnapping. This court affirmed his convictions on appeal.State v. Mayrides (June 30, 1986), Franklin App. No. 85AP-792. *Page 2 
 {¶ 3} Appellant began the present proceeding by filing an application for DNA testing under R.C. 2953.72, asserting that such testing would result in exculpatory evidence with which he could attack his prior convictions. The state responded with a memorandum asserting that no biological material related to appellant's case could be found. The state later supplemented its response with a more detailed account of its efforts to locate testable biological materials related to appellant's case. The trial court then denied appellant's application for DNA testing on the sole basis that the requested biological material no longer existed.
 {¶ 4} Appellant has timely appealed and brings the following assignments of
error:
 ASSIGNMENT OF ERROR I
 The trial court erred in dismissing Mr. Mayrides' application for DNA testing because the State did not conduct a search for remaining biological material with the "reasonable diligence" required by R.C. 2953.75.
 ASSIGNMENT OF ERROR II
 The trial court's summary denial of Edward Mayrides' application for DNA testing is contrary to law because the trial court did not comply with the requirements of R.C. 2953.73(D).
 {¶ 5} Appellant's first assignment of error asserts that the state's response to his application for DNA testing does not demonstrate the state conducted a "reasonably diligent" search for remaining biological material to be tested, as required by R.C. 2953.75 and as the term is interpreted and applied by this court in State v. Collier, Franklin App. No. 05AP-716, 2006-Ohio-2605. *Page 3 
 {¶ 6} R.C. 2953.71 through 2953.83 provide for post-conviction DNA testing for eligible inmates who did not or could not have access to DNA testing in their original felony trial. Under R.C. 2953.75(A), the trial court "shall require the prosecuting attorney to use reasonable diligence to determine whether biological material was collected from the crime scene or victim * * * and whether the parent sample of that biological material still exists[.]" Reasonable diligence is defined by R.C. 2953.71 (Q) as "a degree of diligence that is comparable to the diligence a reasonable person would employ in searching for information regarding an important matter in the person's own life." The prosecution will then file a report with the court addressing the existence and availability of the requested biological material. R.C. 2953.75(B). If the court concludes, based upon the prosecution's report, that the requested biological evidence in fact no longer exists, the court may deny the applicant's request for DNA testing. R.C. 2953.74(C)(1).
 {¶ 7} This court extensively examined and applied these statutory requirements in Collier. We found that R.C. 2953.75(A) requires the prosecuting attorney to investigate "with reasonable diligence all relevant sources including (1) all prosecuting authorities from the original case, (2) all law enforcement authorities involved in the original investigation, (3) all custodial authorities involved at any time with the biological material, (4) the custodian of all agencies, (5) all crime laboratories involved at any time with the biological material, and (6) all other reasonable resources." Collier at ¶ 14. We also observed that, pursuant to R.C. 2953.75(A)(3), if the biological evidence was collected in a hospital, the prosecuting attorney must contact the hospital to determine whether the evidence still exists. *Page 4 
 {¶ 8} In Collier, we specifically found that the state had not met its burden of demonstrating a diligent search for biological materials to furnish for testing when the state submitted to the court affidavits stating, in part, that police lab and property room "policy" on evidence retention and disposition schedules established that the evidence would no longer be found in those locations. We held that "a reasonable person would not conclusively accept an agency's policy or procedure when `searching for information regarding an important matter in a person's life.'" Id. at ¶ 11. (Emphasis added.) We held that the prosecution's burden of reasonable diligence mandated an actual determination of whether the requested evidence was available and retained in the laboratory or property room. Id.
 {¶ 9} In addition, we held in Collier that failure to document a chain of custody in order to ascertain whether a hospital had participated in the procurement of biological materials for testing, and had retained or passed on the materials to the police or prosecuting authorities, did not meet the reasonable diligence standard. "[L]ocal hospitals cannot be excluded as a source for the requested evidence, as at least one hospital once possessed the requested biological evidence. Absent information indicating the hospital or hospitals forwarded the evidence to the prosecutor, the information the [prosecutor] submitted does not meet the reasonable diligence standard." Id. at ¶ 15.
 {¶ 10} In the present case, the prosecution, when opposing appellant's request for biological evidence, submitted the police laboratory report showing that slides and swabs, apparently obtained from a rape kit when a victim was treated at St. Anthony's Hospital in Columbus (now known as The Ohio State University Hospitals East), were submitted to the police lab for testing. Two assistant prosecuting attorneys submitted affidavits *Page 5 
describing their unsuccessful search of the Franklin County prosecutor's property room for evidence associated with this case. The state also presented the affidavit of the property room clerk for the prosecutor's property room to this effect, as well as the affidavit of a property clerk for the Columbus Police Department attesting to the absence of related evidence as of the last inventory or admission of new evidence since that time. A crime laboratory manager for the Columbus Police Department Crime Laboratory submitted a comparable affidavit attesting that the lab completed tests on materials in appellant's case in 1984, that the lab's policy was to return physical items to the prosecutor for trial of the case, and that the affiant had personally searched the laboratory without discovering property related to the present case.
 {¶ 11} With respect to the possibility that the materials might still be found at the collecting hospital, the assistant prosecuting attorney attested that he had personally spoken with the assistant director of clinical laboratories at The Ohio State University Hospitals:
 Now comes Richard Termuhlen, II, Affiant, and having been duly sworn and cautioned, states as follows:
 1. That he is an Assistant Prosecuting Attorney for Franklin County and has been so employed since January, 1989.
 2. That he had a telephone conversation on February 22, 2007, with Kevin Shively, Assistant Director of Clinical Laboratories at the Ohio State University Hospitals.
 3. That University Hospital East is the successor in interest to the former St. Anthony Hospital, and occupies the same physical plant.
 4. That Mr. Shively is very familiar with the layout of the hospital and has utilized his access to all parts of the building for many years. *Page 6 
 5. That Mr. Shively has stated that there are no biological specimens at University Hospital East that remain from its days as St. Anthony Hospital.
 {¶ 12} The affidavits submitted regarding the possible presence of biological materials to appellant's case in the police lab, police property room, and Franklin County Prosecutor's property room comply with Collier and establish reasonable diligence on the part of the prosecutor in searching for materials in those locations.
 {¶ 13} Appellant raises particularized objections to the affidavit regarding possible presence of materials at The Ohio State University Hospitals East, asserting that the affidavit contains only hearsay evidence in that the prosecutor reports statements made by a hospital administrator. It could be argued that due diligence on the part of the prosecutor would be more effectively demonstrated had the prosecutor solicited an affidavit from a hospital administrative official or custodian of records specifically covering the presence or absence of the evidence sought. In this case, however, we find that the affidavit submitted by the prosecutor does fulfill the prosecutor's obligations under R.C. 2953.75 and Collier in that it demonstrates reasonable diligence on the part of the prosecutor in contacting the hospital in pursuit of the requested materials once the hospital was revealed to be a likely location where the chain of custody of the requested evidence began.
 {¶ 14} Because we find that the response submitted by the state in opposition to appellant's request for DNA testing complies with applicable statutes and our decision in Collier and gives sufficient grounds to support the trial court's decision, appellant's first assignment of error is overruled. *Page 7 
 {¶ 15} Appellant's second assignment of error asserts that the trial court erred in not presenting the reasons for its denial of appellant's application for testing. The trial court specifically stated in its brief judgment entry that the application was denied because the requested evidence was no longer in existence or available. This sufficiently complies with R.C. 2953.73(D). Appellant's second assignment of error is overruled.
 {¶ 16} In accordance with the foregoing, appellant's first and second assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas denying his application for DNA testing pursuant to R.C. 2953.71 through 2953.81 is affirmed.
Judgment affirmed.
BROWN and FRENCH, JJ., concur.
 DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1